Jonathan H. Siegel  #78143
Daria Dimitroff #191588
SIEGEL & LEWITTER
1939 Harrison Street, Suite 307
Oakland, California  94612
(510) 452-5000
(510) 452-5004 (fax)
jsiegel@sl-employmentlaw.com
ddimitroff@sl-employmentlaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN ELLEN CAPITAL COMPANY, INC., a California Corporation, doing business as COWBOY HIDEAWAY,<br><br>Plaintiff,<br><br>v.<br><br>CROSS COUNTRY INTERNATIONAL CORP., doing business as EQUESTRIAN VACATIONS, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.  CV 08-3824 WHA<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**<br><br>Date:     September 25, 2008<br>Time:     8:00 a.m.<br>Location: Courtroom 9, 19th Floor<br>Judge:    Honorable William Alsup |

## I.   INTRODUCTION

Defendant Cross Country International, Corp. ("CCI"), by its undersigned counsel, hereby files this Motion to Transfer Venue of the above-captioned action from the United States District Court, Northern District of California to the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1404(a).  For the reasons detailed below, a change of venue is warranted.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On or about June 30, 2008, an action was commenced against Cross Country International, Corp., in the Superior Court of the State of California, County of Lake, styled Glen

1

DEFENDANT'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK – Case No. CV 08-3824 WHA

Ellen Capital Company, Inc. v. Cross Country International, Corp., Civil Action No. CV405753 ("State Court Action"). Defendant was served with the Complaint and Summons in the above-referenced action on July 16, 2008. The State Court Action alleges, inter alia, that Defendant, CCI, breached its contract with Plaintiff, Glen Ellen Capital Company, Inc., doing business as Cowboy Hideaway ("Cowboy Hideaway").

Defendant CCI is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Millbrook, New York. Plaintiff Cowboy Hideaway is a corporation existing and operating in the State of California, with its principal place of business in the County of Lake, California. Complaint paragraph 2. On August 11, 2008, CCI properly removed the action to this Court based on complete diversity between the parties. 28 U.S.C. § 1332(c)(1).

Plaintiff's Complaint does not assert why venue in the County of Lake or in the State of California is proper. From the facts alleged in the Complaint, however, it is evident that the central issues of this dispute originate in the State of New York. At the heart of this dispute is a written agreement entered into on August 7, 2007, between Defendant CCI and Jeff Irvine and Ann Zollinger (aka Cowboy Hideaway). See Exhibit A-1 attached to Complaint. This agreement was drafted by Defendant CCI in Millbrook, New York, located in the Southern District of New York. Exh 1. attached hereto (Affidavit of Stacey Adams), paragraph 2. Plaintiff also alleges that Defendant collected sums for horseback riding at Plaintiff's properties and converted these sums for Defendant's own use. The sums in question were collected and held in a bank accounts in the Southern District of New York. Thus, the contract, the money, and any alleged tortious acts by the Defendant occurred in the Southern District of New York. Accordingly, this action should be transferred to the United States District Court, Southern District of New York. The Plaintiff alleges the Agreement requires the Defendant provide marketing, booking and other promotional services for the Plaintiff. Complaint paragraph 7. Such marketing, booking and other promotional services originated in New York State. Exh 1. (Affidavit of Stacey Adams), paragraph 4.

*Siegel & LeWitter*

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

### III. ARGUMENT: The Relevant Factors Weigh Strongly in Favor of Transferring Venue

28 U.S.C. section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division in which it may have been brought." "The fundamental premise underlying '1404(a) is that where a 'civil action' to vindicate a wrong – however brought in a court – presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). While courts generally prefer the forum chosen by the plaintiff, a "strong showing" by the defendant of why another forum is more appropriate is enough to overcome this preference. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In this case, a transfer of venue to the Southern District of New York is more convenient because all of the claims concern a contract that was drafted in the State of New York, funds that are held in bank accounts in the State of New York, or they concern alleged tortious conduct by Defendant, which occurred in the State of New York. In the first through the third Causes of Action, Plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duties and for an accounting. All of these claims are based on the written agreement between Defendant CCI and Ann Zollinger and Jeff Irvine, aka Cowboy Hideaway. This written agreement was drafted by Defendant CCI in the Southern District of New York. In the fourth and eighth Causes of Action, Plaintiff alleges conversion and unjust enrichment by Defendant. These claims focus on sums collected by Defendant and held in Defendant's bank accounts. These sums were collected in the Southern District of New York and held in Defendant's bank accounts with Citibank and M&T Bank, whose branches are located in the Southern District of New York. While Citibank may have branches nationwide, M&T Bank only has branches on the East Coast, in New York, Pennsylvania, Maryland, Virginia, West Virginia, and the District of Columbia. Exh 1. (Affidavit of Stacey Adams), paragraph 6. In the fifth, sixth, seventh, ninth, tenth, and eleventh Causes of Action, Plaintiff asserts that Defendant

Siegel & LeWitter
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

engaged in fraud, negligent misrepresentation, unfair business practice, intentional interference with prospective economic advantage, tortious interference with contractual relations, and defamation/slander. These alleged acts by the Defendant occurred in Millbrook, New York, located in the Southern District of New York, where Defendant has its sole and principal place of business. Though the seventh Cause of Action is based on California law, this claim focuses on Defendant's alleged tortious conduct in the State of New York.

Defendant CCI and all of its employees, including Stacey Adams, the signatory to the Contract who is responsible for all contracts entered into by Defendant CCI, reside within the Southern District of New York. Furthermore, the majority of the clients named by Plaintiff Ann Zollinger and Jeff Irvine, aka Cowboy Hideaway, in the ninth Cause of Action in its Complaint also reside outside of California. Exh 1. (Affidavit of Stacey Adams), paragraph 5. Conversely, Plaintiff has not demonstrated why its chosen forum is appropriate. The only apparent connection between this matter and Plaintiff's chosen forum is that Lake County is where Plaintiff resides.

Therefore, a transfer of venue to the Southern District of New York is convenient because the principal piece of evidence at issue, the contract, was drafted in the Southern District of New York, under the laws of the State of New York, by Defendant CCI, a New York corporation. Furthermore, this transfer is convenient because all of the alleged tortious conduct by Defendant occurred in the Southern District of New York, where Defendant has its principal place of business. Finally, transfer to the Southern District of New York is more convenient because the majority of the witnesses are located outside of California. These factors overwhelmingly indicate that a transfer of venue to the Southern District of New York would be appropriate.

Defendants have the burden of showing that the forum to which they are seeking transfer would have subject matter jurisdiction, would have personal jurisdiction over the defendant, and would be a proper venue for the action. *Itel FL v. Container Land Assocs.*, 1997 U.S. Dist. LEXIS 14889 (N.D. Cal. Apr. 22, 1997) (citing Hoffman v. Blaski, 363 U.S. 335 (1960)). In this case, the plaintiff easily could have brought this action in the United States District Court for the Southern District of New York. Subject matter jurisdiction over this matter exists based on

*Siegel & LeWitter*
1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

4
DEFENDANT'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK – Case No. CV 08-3824 WHA

complete diversity between the parties; Defendant is a resident of New York while Plaintiff is a resident of California. 28 U.S.C. § 1332. Personal jurisdiction over Defendant may also be exercised because Defendant CCI is a citizen of the State of New York based on its incorporation in that state as well as the location of its principal place of business in Millbrook, New York. 28 U.S.C. § 1332(c)(1). Venue is also proper in the Southern District of New York because that is where Defendant resides, where a substantial part of the events giving rise to the claim allegedly occurred as well as where the contract giving rise to the claim was drafted and implemented, and because Defendant is subject to personal jurisdiction there. 28 U.S.C. § 1391(a).

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this motion to transfer venue be granted and this matter be transferred to the United States District Court for the Southern District of New York.

DATED: August 18, 2008

Respectfully submitted,

SIEGEL & LEWITTER

By: _____
Jonathan H. Siegel
Daria Dimitroff

Siegel &
LeWitter

1939 Harrison Street
Suite 307
Oakland, CA 94612
(510) 452-5000
(510) 452-5004 (fax)

RECEIVED
AUG 18 2008
Siegel & LeWitter

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN ELLEN CAPITAL COMPANY, INC., a California Corporation d/b/a COWBOY HIDEAWAY, P.O. Box 1807 Glen Ellen, CA 95442<br><br>Plaintiff,<br><br>v.<br><br>CROSS COUNTRY INTERNATIONAL, CORP., d/b/a EQUESTRIAN VACATIONS, P.O. Box 1170 Millbrook, NY 12545<br><br>Defendants. | Case No. 3:08-cv-3824 |

## AFFIDAVIT

COMES NOW, Stacey Adams, and under oath, states that the following facts are true and correct to the best of her knowledge, information and belief.

1. My name is Stacey Adams. I am the Director of Reservations for the Defendant Cross Country International, Corp. (hereinafter "CCI").

2. On or about August 6, 2007, I signed the contract referred to in Paragraph 7 of the Plaintiff's Complaint, attached as Exhibit A1-3 to the Plaintiff's Complaint. That contract was drafted in New York State and forwarded to the other parties to the contract, Jeff Irvine and Ann Zollinger (aka Cowboy Hideaway). Ann Zollinger signed the contract on or about August 7, 2007. CCI is located in or around Millbrook, New York.

Exhibit 1

3. CCI is a marketing agent that arranges equestrian vacations for its various customers/clients at equestrian facilities in the United States and abroad. Cowboy Hideaway was one of those facilities.

4. As the marketing agent, CCI advertises and promotes such equestrian vacations with its customers/clients, and it did so with respect to Cowboy Hideaway. CCI then entirely handles the booking for such vacations with its customers/clients. All of these promotional, advertising and booking activities originate at CCI's offices in New York State.

5. CCI collects payments from its customers/clients as a part of the booking process when the client/customers desire to take an equestrian vacation through CCI as marketing agent. That is what occurred with Cowboy Hideaway, and such processes originated in New York State. The vast majority of CCI's customers/clients identified in Paragraph 65 of the Complaint reside outside of California.

6. CCI collects monies from its customers/clients and deposits sums in bank accounts maintained by CCI in banks in the state of New York.

7. CCI enters into contracts with each of its customers/client upon their application to take an equestrian vacation through CCI as booking agent. That is what occurred with the CCI customers/clients scheduled to take equestrian vacations at Cowboy Hideaway. Such CCI contracts with its customers/clients are originated and executed in the state of New York, including its customers/clients identified in Paragraph 65 of the Complaint.

8. All of CCI's employees and officers are residents of the state of New York.

9. Further Affiant saith not.

_____
Stacey Adams

Sworn and subscribed before me this __14__ day of August, 2008.

STATE OF ...New York...
COUNTY OF ...Dutchess...

_____
Notary Jo Keating

JO KEATING
Notary Public - State of New York
NO. 01KE6174366
Qualified in Dutchess County
My Commission Expires 9/17/2011

SEAL