IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLEN ELLEN CAPITAL COMPANY, INC.,
a California Corporation, doing business as
COWBOY HIDEAWAY,

    Plaintiff,

  v.

CROSS COUNTRY INTERNATIONAL
CORP., doing business as EQUESTRIAN
VACATIONS, and DOES 1 through 50,
inclusive,

    Defendants.

No. C 08-03824 WHA

**ORDER DENYING
MOTION TO TRANSFER**

## INTRODUCTION

In this contract dispute, defendant Cross Country International Corp. doing business as Equestrian Vacations moves to transfer this action to the Southern District of New York. Although this action could have been brought in the Southern District of New York, defendant has failed to show that the private and public interest factors favor transfer. Accordingly, the motion to transfer is **DENIED**.

## STATEMENT

Defendant is a New York corporation with its principal place of business in Millbrook, New York. Defendant is a marketing agent that arranges equestrian vacations for its various customers at facilities in the United States and abroad. Plaintiff Glen Ellen Capital Company,

Inc., doing business as Cowboy Hideaway is a California corporation that provides horseback riding vacations on a 750-acre ranch in Lake County, California. Plaintiff also names fifty Does as defendants (Compl. ¶¶ 1–5, 7; Br. Exh. 1 at 2).

This action concerns an agreement for defendant to provide marketing, booking and other promotional services to plaintiff. In August 2007, the parties entered into a written agreement drafted by defendant. Plaintiff contends that in March 2008 defendant denied the existence of that agreement. According to plaintiff, the parties then engaged in discussions culminating in a verbal modification of contract terms governing payment. Pursuant to that modification, plaintiff asserts it requested that defendant properly account for and turn over monies collected on its behalf. Instead, defendant allegedly retained monies belonging to plaintiff claiming it lacked sufficient funds (Compl. ¶¶ 7, 10, 14, 15; Br. Exh. 1 at 2).

Thereafter, plaintiff claims to have repeatedly asked defendant for copies of all bank statements, checks, invoices, and other documentation concerning defendant's handling of plaintiff's monies. Defendant allegedly refused the requests. Plaintiff states defendant began to cancel customer bookings and to falsely and maliciously tell third parties that plaintiff was out of business, was not conducting rides, and was not in operation. Plaintiff maintains it attempted to mitigate its losses by booking customers who contacted plaintiff directly. Plaintiff asserts defendant recharged credit cards of customers plaintiff had booked directly after defendant cancelled their earlier bookings (Compl. ¶¶ 11, 12, 16, 17).

On June 30, plaintiff filed this action in state court alleging eleven claims: (i) breach of contract; (ii) breach of the covenant of good faith and fair dealing; (iii) breach of fiduciary duties and for an accounting; (iv) conversion; (v) fraud; (vi) negligent misrepresentation; (vii) unfair business practice; (viii) unjust enrichment; (ix) intentional interference with prospective economic advantage and injunctive relief; (x) tortious interference with contractual relations; and (xi) slander. Defendant removed this action to federal court. Now, defendant moves to transfer this action to the Southern District of New York.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The purpose is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).[*] "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The district court must consider both private factors which go to the convenience of the parties and witnesses and public factors which go to the interest of justice. *Ibid*.

**1.    JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK.**

The party moving for a transfer must show that the action could have been brought in the court designated for transfer. 28 U.S.C. 1404(a). The transferee district must have proper subject-matter jurisdiction, personal jurisdiction, and venue. The Southern District of New York would have subject-matter jurisdiction under 28 U.S.C. 1332(a) because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000 (Compl. ¶¶ 1, 2, 34). The Southern District of New York would also have personal jurisdiction over defendant, a citizen of New York. Furthermore, venue would be proper because defendant resides in the Southern District of New York and substantial events relevant to the case occurred there. 28 U.S.C. 1391(a)(1)–(2).

**2.    CONVENIENCE AND FAIRNESS.**

The district court must consider private convenience and fairness factors, including ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses. *Decker Coal*, 805 F.2d at 843.

---

[*] Unless indicated otherwise, internal citations are omitted from all quoted authorities in this order.

3

The first factor concerns the location of sources of proof. Defendant maintains the central issues in dispute in this action originated in the Southern District of New York. Specifically, defendant asserts all of plaintiff's claims concern a contract drafted in New York, funds held in bank accounts in New York, or alleged tortious conduct by defendant that occurred in New York. Defendant does not contend transporting documents would cause it hardship. At any event, this case will not involve voluminous documents. Moreover, with technological advances in document storage and retrieval, transporting documents does not generally create a burden. This factor does not favor transfer.

The next factor is plaintiff's choice of forum. Defendant asserts plaintiff "has not demonstrated why its chosen forum is appropriate" and that the only apparent connection between this action and California is that plaintiff resides in Lake County (Br. 4). The first part of this assertion is inapposite and the second is erroneous. As to the first part, plaintiff need not demonstrate the appropriateness of its chosen forum. Rather, there is a general presumption in favor of a plaintiff's choice of forum and "[t]he defendant must make a strong showing of inconvenience" to overcome that presumption. *Decker Coal*, 805 F.2d at 843. Defendant has failed to make such a showing. As to the second part of defendant's assertion, the connections between this action and California include more than plaintiff's residence in Lake County. The ranch itself is located in California, the operational viability of which was allegedly slandered and harmed by defendant. The contract at issue was negotiated at the ranch, at least in part, when defendant's agents visited it in June 2007. The ranch managers, reservations coordinator, and head managers and owners all reside in California. Moreover, plaintiff maintains litigating this case in New York would interrupt its operation and be both inconvenient and prohibitively expensive. This factor weighs against transfer.

Turning to the third factor, the convenience of parties, it is important to distinguish between *parties* and *witnesses*. Witness convenience is considered below. Party convenience refers to named parties. A corporation is a legal fiction and does not travel. Convenience of the individual responsible for managing the litigation, however, may be considered. Jeffrey Irvine,

4

a California resident, is responsible for managing the litigation for plaintiff (Irvine Decl. ¶ 1). In its motion, defendant does not specify who is responsible for managing the litigation on its behalf. Because defendant is a New York corporation with its principal place of business in New York, this order presumes that the person managing the litigation for defendant is located in New York (Compl. ¶ 2).

The individual managing the litigation would find it more convenient to attend hearings, trial, and settlement conferences in a local setting. His or her airfare and travel expenses would be reduced. Indeed, Irvine indicates he would be "essentially unable to prosecute a case on the other side of the country" given his business's "minimal resources" (Irvine Decl. ¶ 5). Irvine asserts defendant is a major corporation that promotes and packages tours and vacations all around the country and world and has already retained counsel in California to represent it in this matter. While "the parties' relative financial ability is not entitled to great weight" it is a relevant consideration. *Toy v. Gen. Elec. Co.*, 1995 WL 396848, at *3 (N.D. Cal. 1995). Because transfer would only shift the burden from one party to the other, this factor is a wash.

The final consideration is the convenience of witnesses. "To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). Defendant has not done so with adequate specificity. Defendant broadly states "the majority of witnesses are located outside of California" (Br. 4). Defendant also discusses several persons who presumably might be called to testify. For example, defendant states its employees all reside within the Southern District of New York, including contract signatory Stacey Adams. Defendant also contends the banks which held the relevant funds are in New York and that, while one such bank has branches nationwide, the other has branches only on the East Coast. Furthermore, defendant maintains that the majority of the customers named by plaintiff in its ninth claim also reside outside of California. Notably, defendant does not state that any such named customers reside within the Southern District of New York.

Plaintiff claims these persons are "scattered around the country and are no more likely to be near New York than anywhere else" (Opp. 3).

Whereas defendant has not specifically identified relevant witnesses, plaintiff has expressly identified five, all of whom reside in California: ranch managers Bill and Laurie Knispel, head managers and owners Ann Zollinger and Jeffrey Irvine, and plaintiff's reservations coordinator. Plaintiff asserts it is crucial that it be able to call these persons to testify as to the actions of defendant and the operation of the ranch, and that it would be inconvenient and prohibitively expensive for them to travel to New York. Moreover, plaintiff contends nearly all third-party witnesses who can testify to defendant's harmful actions are in California. At the hearing, defense counsel conceded that at least some third-party witnesses reside in California.

Defendant has not met its burden on this factor. Without more information from defendant, this factor favors plaintiff.

### 3. PUBLIC INTEREST.

A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. *Decker Coal*, 805 F.2d at 843.

Regarding court congestion, neither party disputes that both district courts have busy dockets or that delay resulting from transfer can be significant, even in a case this young. Regarding local interest, defendant maintains that all of plaintiff's claims concern a contract drafted in New York, funds held in bank accounts in New York, or alleged tortious conduct by defendant that occurred in New York. Plaintiff counters that the claims concern a contract negotiated in California and harm to its business located in California, about which witnesses residing in California are knowledgeable. Because the events in question involve both districts, local interest does not favor one over the other. Similarly, the concern over burdening citizens of an unrelated forum with jury duty does not clearly favor either venue, as both are related to

6

the transaction at issue. Regarding applicable law, neither party suggests that a judge in the Southern District of New York would be more familiar with the eleven claims alleged by plaintiff, so as to warrant transfer. Indeed, defendant acknowledges that plaintiff's seventh claim for unfair business practice is based on California law. In sum, defendant has not carried its burden on these factors. Accordingly, transfer of this action is not favored.

## CONCLUSION

For all of the above-stated reasons, defendant's motion to transfer this action to the Southern District of New York is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7